[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14078
Non-Argument Calendar
_____

Agency No. A205-212-499


JORGE ADALVERTO RAMIRES-RIVERA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 11, 2020)

Before WILSON, LAGOA and BLACK, Circuit Judges.

PER CURIAM:

Jorge Adalverto Ramires-Rivera seeks review of the Board of Immigration Appeals' (BIA) order adopting and affirming the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhumane, or Degrading Treatment or Punishment (CAT), as well as his request for administrative closure.

On appeal, Ramires-Rivera argues that, as to his asylum and withholding of removal claims, the BIA erred by adopting the IJ's determination that he failed to show the requisite nexus between his particular social group and his past persecution, claiming he was attacked based on his refusal to join gangs as an ex-military member. He also argues that he is entitled to CAT relief because, *inter alia*, the IJ erred by finding that he had not established that public officials would acquiesce or had acquiesced to his torture. Finally, Ramires-Rivera argues that we should remand the case to the BIA or the IJ to reconsider his request to administratively close his removal proceedings in light of *Romero v. Barr*, 937 F.3d 282 (4th Cir. 2019), which rejected *Matter of Castro Tum*, 27 I. & N. Dec. 271 (AG 2018), a decision holding that IJs and the BIA do not have the general authority to administratively close cases. After review,[1] we dismiss the petition in part and deny it in part.

---

[1] We review only the BIA's decision as the final agency decision, unless it expressly adopted the IJ's opinion or agreed with the IJ's reasoning. *Perez-Zenteno v. U.S. Att'y Gen.*, 913 F.3d 1301, 1306 (11th Cir. 2019). When the BIA adopted or agreed with the reasoning of the

2

As brief background, Ramires-Rivera, a native and citizen of El Salvador, entered the United States without authorization in 2004. In July 2012, the Department of Homeland Security (DHS) issued a Notice to Appear, charging him as removable under INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I). He conceded removability and filed applications for asylum, withholding of removal, and protection under the CAT. In his application, Ramires-Rivera stated that he and members of his family had been attacked by gang members in El Salvador because he, as a former member of the Salvadoran military, refused to join the gang.

## I. ASYLUM & WITHHOLDING OF REMOVAL

The IJ—whose reasoning the BIA adopted—found Ramires-Rivera had demonstrated that he suffered past persecution and that his status as a former member of the Salvadoran military qualified as membership in a particular social group. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006) ("To establish asylum eligibility, the petitioner must, with specific and credible evidence, demonstrate (1) past persecution on account of a statutorily listed factor,

---

IJ's decision, we review the decisions of both the BIA and the IJ. *Id.* We review factual determinations under the substantial evidence test. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016). Under the substantial evidence test, we "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1230 (11th Cir. 2007) (quotation marks omitted).

or (2) a well-founded fear that the statutorily listed factor will cause future persecution." (quotation marks omitted); *see also* INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). However, the IJ went on to find Ramires-Rivera had not demonstrated the requisite nexus between his past persecution (or a well-founded fear of future persecution) and his membership in that particular social group.[2] *See Mehmeti v. U.S. Att'y Gen.*, 572 F.3d 1196, 1200 (11th Cir. 2009).

The IJ further found Ramires-Rivera failed to demonstrate the government of El Salvador was unable or unwilling to protect him. *See Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1345 (11th Cir. 2007). Ramires-Rivera's failure to demonstrate a well-founded fear of future persecution was fatal to both his asylum and withholding of removal claims. The IJ also found Ramires-Rivera's asylum application was time-barred.

---

[2] Ramires-Rivera argues on appeal that the IJ actually found he had suffered past persecution on account of a statutorily protected ground. He points to a heading in the IJ's written decision that reads "Respondent has demonstrated he was or will be persecuted on account of a statutorily protected ground." Considering that finding, he argues, it was error for the BIA to conclude he was not entitled to a rebuttable presumption of future persecution for purposes of withholding of removal. *See* 8 C.F.R. § 208.16(b) ("If the applicant is determined to have suffered past persecution in the proposed country of removal . . . it shall be presumed that the applicant's life or freedom would be threatened in the future in the country of removal on the basis of the original claim."). Alternatively, Ramires-Rivera asks that we remand for clarification of the IJ's seemingly contradictory findings.

Notwithstanding the heading Ramires-Rivera references, it is clear from the substance of the IJ's decision that the IJ found no nexus between Ramires-Rivera's persecution and his particular social group. While the heading indicates the IJ found the persecution was "on account of" his membership in the group, the substantive analysis under that heading merely concludes he had demonstrated he qualified as a member of a particular social group, not that the persecution he suffered was on account of that membership.

As an initial matter, we are without jurisdiction to review the IJ's and BIA's denial of Ramires-Rivera's asylum application as time-barred. *See Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 957 (11th Cir. 2005) (holding that INA § 208(a)(3), 8 U.S.C. § 1158(a)(3), divests this Court of jurisdiction to review the BIA's determinations that an asylum applicant filed an untimely application and failed to establish changed or extraordinary circumstances to excuse his untimely filing). Accordingly, we dismiss Ramires-Rivera's petition to the extent it seeks review of the BIA's denial of his request for asylum.

As to his request for withholding of removal, we first note Ramires-Rivera failed in his opening brief to challenge all the BIA's reasons for denying that request. Specifically, he fails to challenge the BIA's finding he did not demonstrate that the government of El Salvador was unable or unwilling to protect him, a finding that constitutes an alternative, independent ground for the decision. As a result, he has abandoned any challenge to that finding and, by extension, the denial of his request for withholding of removal. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."); *see also Sepulveda v. U.S. Att'y*

*Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

In any case, substantial evidence supports the IJ's finding that the persecution Ramires-Rivera suffered was not on account of his membership in the asserted particular social group. Although Ramires-Rivera stated that he believed that his attacks and the attacks on his family were based on his refusal to join the gangs *as an ex-military member*, there is no evidence that the gang members were motivated by anything other than his refusal to join the gang, irrespective of his status as an ex-military member.

Ramires-Rivera submitted articles stating that gangs often have ex-military members and seek to traffic in military weapons, but he provided no evidence that the specific gang members that attacked him were particularly motivated by his status as an ex-combatant rather than simply his refusal to join the gangs. Merely being a victim of a crime by gang members for refusal to join is insufficient to show persecution based on a protected ground. *Ruiz*, 440 F.3d at 1258. Accordingly, we deny Ramires-Rivera's petition to the extent is seeks review of the BIA's denial of his request for withholding of removal.

## II.  RELIEF UNDER THE CONVENTION AGAINST TORTURE

Ramires-Rivera also challenges the IJ's and BIA's denial of his application for protection under the CAT. The IJ determined that, because Ramires-Rivera

failed to demonstrate a well-founded fear of future persecution, he necessarily failed to show he would more likely than not be tortured by, at the instigation of, or with the consent or acquiescence of a public official. *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004) (stating an applicant for CAT relief must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal" (quotation marks omitted)). In particular, the IJ found Ramires-Rivera had not established that any public official in El Salvador would acquiesce to his torture at the hands of gang members. *See Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 891 (11th Cir. 2007).

Here, substantial evidence supports the BIA's determination that Ramires-Rivera did not qualify for CAT relief because he failed to show that the Salvadoran government would acquiesce to any future torture. Although Ramires-Rivera presented evidence regarding the Salvadoran authorities' inability to control the gangs and mistrust of the police and judicial system based on corruption, he also testified he did not attempt to contact the police about his attacks or his fear of future violence based on the threats he received. Thus, Ramires-Rivera failed to specifically demonstrate the authorities were aware of the attacks or his concern of future violence. *Rodriguez Morales*, 488 F.3d at 891; *see also Jean-Pierre v. U.S. Att'y. Gen.*, 500 F.3d 1315, 1324 (11th Cir. 2007) (noting an alien must establish she "would be *individually* and *intentionally* singled out for harsh treatment").

7

Accordingly, we deny Ramires-Rivera's petition to the extent it seeks review of the BIA's denial of his request for relief under the CAT.

### III.  ADMINISTRATIVE CLOSURE

Ramires-Rivera also asks us to remand his case to the BIA with instructions that it reconsider the IJ's denial of his request to administratively close his case. In upholding the IJ's denial, the BIA determined Ramires-Rivera's arguments challenging the IJ's decision were foreclosed by *Matter of Castro Tum*, a decision in which the Attorney General held neither IJs nor the BIA have the general authority to indefinitely suspend immigration proceedings by administrative closure.  27 I. & N. Dec. at 281.  The Fourth Circuit subsequently issued a decision abrogating *Castro Tum* and holding the applicable regulations do grant IJs the general authority to administratively close cases.  *Romero*, 937 F.3d at 292.

As an initial matter, we note the question of whether *Castro Tum* is substantively correct is not properly before us because Ramires-Rivera has not raised it.  That is, he has not asked that we hold, as the Fourth Circuit did, that contrary to *Castro Tum*, IJs and the BIA do indeed have the general authority to administratively close cases.  Because that issue has not been presented to us, we will not address it.

The argument Ramires-Rivera actually makes on appeal is that we should

8

remand his case to the BIA to reconsider his request for administrative closure in light of *Romero*. He argues that because *Romero* effectively overturned *Castro Tum*, we should require the BIA to reconsider his arguments concerning the IJ's denial of his request for administrative closure under the law as it existed prior to *Castro Tum*.

This argument erroneously assumes the BIA would be bound in this case by the Fourth Circuit's *Romero* decision. The BIA is "bound by a circuit court's precedents when adjudicating cases arising within that circuit." *See In re Ponce de Leon-Ruiz*, 21 I. & N. Dec. 154, 159 (BIA 1996). Because Ramires-Rivera's removal proceedings arose in the Eleventh Circuit, it is Eleventh Circuit precedent that matters. Our Court has had no occasion to opine on the merits of *Castro Tum*, and, as noted above, Ramires-Rivera does not ask that we offer any such opinion in this case. Ramires-Rivera has not pointed to any precedent—and we are not aware of any—indicating we should require the BIA to reconsider its decision in light of merely persuasive authority.[3]

---

[3] Ramires-Rivera also argues, in his reply brief, that because *Castro Tum* did not exist at the time the IJ declined to administratively close his case, the BIA should have applied the law as it existed prior to *Castro Tum* in reviewing the IJ's decision. Because Ramires-Rivera raises this retroactively argument only in his reply brief, we do not address it. *See Najjar v. Ashcroft*, 257 F.3d 1262, 1282 n.12 (11th Cir. 2001) (noting an alien abandons an issue when he fails to raise it in his initial brief).

## IV.  CONCLUSION

For the reasons discussed above, we dismiss Ramires-Rivera's petition for review to the extent it seeks review of the BIA's denial of his request for asylum and deny the petition in all other respects.

**PETITION DISMISSED IN PART AND DENIED IN PART.**